

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HUMANSCALE CORPORATION,
                              Plaintiff/
              Counterclaim Defendant,

              v.                                    Civil Action Number 3:09CV86

COMPX INTERNATIONAL INC., and
COMPX WATERLOO,
                              Defendants/
              Counterclaim Plaintiffs.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the parties's Cross-Motions to Stay. For

the reasons stated below, this Court GRANTS Defendants's Motion to Stay Claims and

Counterclaims Relating to U.S. Patent No. 5,292,097 (Doc. No. 10), and DENIES

Plaintiff's Cross-Motion to Stay Defendants's Counterclaims Related to U.S. Patent Nos.

5,037,054 and 5,257,767 (Doc. No. 15).

## I. BACKGROUND

On February 10, 2009, Humanscale Corporation ("Humanscale") filed a

Complaint against CompX International, Inc. and CompX Waterloo ("CompX

Defendants") before the United States International Trade Commission ("ITC") alleging

the CompX Defendants's "Ovation Arm" and "Momentum Arm" products infringe

Humanscale's "Work Surface Support" Patent, U.S. Patent No. 5,292,097 ("the '097

Patent"). In response to Humanscale's ITC Complaint, the ITC initiated an investigation

related to the '097 Patent. The ITC Investigation, *In the Matter of Certain Adjustable*

*Keyboard Support Systems and Components Thereof,* No. 337-TA-670, is scheduled to be completed on June 14, 2010. (Pl.'s Response to Mot. to Stay, Ex. A.)

Subsequently, on February 13, 2009, Humanscale filed the entitled Complaint. The CompX Defendants filed an Answer and Counterclaim on March 27, 2009. Counts One through Three of the Counterclaim requests this Court declare the defendants's products do not infringe the '097 Patent, but rather, that the Patent is invalid and unenforceable. Counts Four and Five of the Counterclaim allege Humanscale infringes on CompX's U.S. Patent Nos. 5,037,054 ("the '054 Patent") and 5,257,767 ("the '767 Patent"). Both the '054 Patent and the '767 Patent are entitled "Adjustable Support Mechanism for a Keyboard Platform," and will expire in June 2010. While all of the patents at issue relate to adjustable keyboard support systems, the '054 Patent and '767 Patent (collectively known as "the CompX Patents") and the '097 Patent are owned by different parties, have different inventors, claim different inventions, and have different specifications and prosecution histories.

On March 31, 2009, the CompX Defendants filed a Motion, pursuant to 28 U.S.C. § 1659(a), to stay all claims and counterclaims relating to the '097 Patent until the ITC renders a final determination. Humanscale agrees the claims and counterclaims related to the '097 Patent should be stayed, and further moves this Court to stay the remaining counterclaims related to the '054 and '767 Patents. Defendants object to staying these additional counterclaims. Accordingly, the only contested issue before this Court is whether a stay of the counterclaims in the '054 and '767 Patents is warranted.

## II. ANALYSIS

### A. Motion to Stay Claims Related to '097 Patent

The Defendants's unopposed Motion requests this Court stay all proceedings related to the '097 Patent. This Court's authority to stay the matter is found in 28 U.S.C. § 1659(a), which reads, in pertinent part:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, [as amended in 19 U.S.C. § 1337,] at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission. . . .

As this Court finds the claims and counterclaims related to the '097 Patent involve the same parties and issues as the ITC Investigation—namely, whether the Defendants have infringed the '097 Patent and whether the '097 Patent is valid and enforceable—and further because Defendant's Motion was timely filed, this Court GRANTS the Motion to Stay Claims and Counterclaims relating to U.S. Patent No. 5,292,097.

### B. Motion to Stay Claims Related to CompX Patents

A Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Therefore, in the exercise of the Court's judgment, competing interests must be weighed and an even balance maintained. Id. at 254–55. Though the Court's discretion is undeniable, it is not unlimited. The movant must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility

that the stay for which he prays will work damage to someone else." Id. at 255; see also Williford v. Armstrong World Industries, Inc., 715 F.2d 124, 127 (4th Cir. 1983).

In arguing this matter, both parties cite a California three-factor test that requires the Court consider the following competing interests: "(1) possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Am. Honda Motor Co. v. Coast Distribution Sys., Inc., No. C 06-04752, 2007 U.S. Dist. LEXIS 19981, at *3 (N.D. Cal. Feb. 26, 2007); accord FormFactor, Inc. v. Micronics Japan Co., Ltd., No. CV-06-07159 JSW, 2008 WL 361128, at *1 (N.D. Cal. Feb. 11, 2008). Though informative, this is not the law of this Circuit; nevertheless, as the parties have framed their arguments in this context, the Court has considered these competing interests. In doing so, this Court finds the case turns on the efficiencies gained by obtaining a decision from the ITC and the balance of hardships if the stay is not granted.

<u>Potential Efficiencies Gained in Staying All Claims</u>

Plaintiff asserts that judicial efficiency dictates the entire case be stayed until a ruling from the ITC. Specifically, Plaintiff contends the ITC decision will help narrow the issues that will remain before this Court as the '097 Patent and the CompX Patents share the same subject matter, similar technologies, and same products; the ITC investigation will involve similar issues of fact and law; the ITC record will allow this Court to benefit from the Commission's discovery and analysis; expert discovery, claim construction, questions of validity, and conferences and hearings will be streamlined;

4

and finally, a possible settlement at the ITC could feasibly cover all of the patents at issue. (Pl.'s Cross-Mot. Stay 5, 8, 9.) Defendants disagree and contend because the CompX Patents involve different owners, inventors, claims, prosecution histories, and specifications from the '097 Patent, a ruling from the ITC will not narrow, to any significant degree, the issues before this Court. (Def.'s Opp'n to Cross-Mot. Stay 5.) Rather, Defendants contend the only overlap Plaintiff cites that could have an impact in the remaining claims is the ITC's determination regarding prior art, but any impact this may have on the remaining issues is entirely speculative as the ITC investigation will be comparing prior art to the '097 Patent, not the CompX Patents. Further, Defendants contend that staying all claims will not avoid duplicative discovery and factual determinations, as Plaintiff asserts, but would only serve to delay these essential litigation components. This Court agrees with Defendants's contentions.

This Court is hard-pressed to identify any significant efficiencies or economies this Court will gain in staying litigation regarding the validity of the '054 and '767 Patents while the ITC determines the validity of the '097 Patent. As the CompX Defendants point out, the CompX Patents are not in the same family, have different histories and specifications from the '097 Patent, and therefore most of the determinations related to the counterclaims will ultimately be decided by this Court. Further, a stay in this matter would result in a delay of two to four years, while the Commission's decision is challenged on appeal. This delay will undoubtedly result in relevant discovery becoming stale, thus minimizing any alleged efficiencies gained in staying all claims. As such, the Court will look to the balance of hardships to determine whether a stay is indeed warranted.

5

Balance of Hardships

Plaintiff bears the burden of proving a clear case of hardship or inequity if the stay will result in damage to another party; a burden Plaintiff has failed to meet. As a threshold matter, it is clear that a denial of the stay will prejudice the defendants. Defendants seek injunctive relief, among other forms, against the plaintiff for infringing the CompX Patents. (See Def.'s Answer and Countercl. 31–33.) Therefore, if a stay until June 14, 2010 is granted as to CompX Defendants's Counterclaims, those claims will not be tried until after the defendants's patents expire in June 2010, denying them one form of relief they seek. Additionally, as the stay will remain until the Commission's determination becomes final, this Court's granting of a stay will provide Plaintiff with a competitive advantage over the defendants for up to four years. Though enumerating the efficiencies gained if a stay is granted, Plaintiff has failed to counter this result by identifying any real "hardship" of their own if the stay is not granted; merely having to defend both cases at the same time is not sufficient. As such, the balance of hardships and weighing of efficiencies suggest that a stay of the counterclaims is not warranted.

## III.  CONCLUSION

For the reasons above, this Court GRANTS Defendants's Motion to Stay Claims and Counterclaims Relating to U.S. Patent No. 5,292,097 (Doc. No. 10), and DENIES Plaintiff's Cross-Motion to Stay Defendants's Counterclaims Related to U.S. Patent Nos. 5,037,054 and 5,257,767 (Doc. No. 15).

Let the Clerk send a copy of this Order to all parties of record.

It is SO ORDERED.

6

/s/
_____
James R. Spencer
Chief United States District Judge

ENTERED this 21st day of May 2009