IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



HUMANSCALE CORP.,

    Plaintiff/Counterclaim Defendant,

v.

COMPX INTERNATIONAL INC. and
WATERLOO FURNITURE COMPONENTS
LTD.,

    Defendants/Counterclaim Plaintiffs.

Action No. 3:09-CV-86

## MEMORANDUM OPINION

THIS MATTER is before the Court on two Motions to Compel, one filed by Humanscale (Docket No. 77) and one filed by the CompX International Inc. and CompX Waterloo (collectively "CompX") (Docket No. 80). For the reasons stated below, Humanscale's Motion is DENIED and CompX's Motion is GRANTED.

## I. BACKGROUND

In February 2009, Humanscale Corp. initiated this suit when it filed a Complaint against CompX International Inc. and CompX Waterloo (collectively "CompX") regarding Humanscale's U.S. Patent No. 5,292,097 ("the '097 Patent). In March, CompX filed a counterclaim, alleging that Humanscale infringes on two of CompX's patents, specifically U.S. Patent Nos. 5,037,054 ("the '054 Patent") and 5,257,767 ("the '767 Patent") (collectively "CompX Patents").

By Order of this Court, Humanscale's suit regarding the '097 Patent was stayed pending an investigation by the International Trade Commission. CompX's counterclaims

1

regarding the CompX Patents, however, were not stayed.

Pursuant to the Court's Scheduling Order (Docket No. 35), the parties have proceeded with discovery with their eyes on the January 6, 2010 cut off date. The Motions to Compel now before the Court pertain to alleged failures to satisfactorily comply with the parties' discovery obligations under the Federal Rules of Civil Procedure.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) establishes the parameters for what information a party is entitled to discover in pretrial preparation. In essence, a party is entitled to any nonprivileged information that is relevant to a claim or defense in the matter. Id. Moreover, relevance does not mean that the information has to be admissible at trial, but merely that the requested information is reasonably likely to lead to the discovery of admissible evidence. Id. Discovery "is broad in scope and freely permitted." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003).

In addition to document requests and interrogatories pertaining to nonprivileged, relevant information, parties may also choose to take depositions under Rule 30(b)(6). Under this rule, "a party may name as the deponent a public or private corporation, a partnership, . . . or other entity and must describe with reasonable particularity the matters for examination . . . ." Fed. R. Civ. P. 30(b)(6). Once a corporation has been named as a deponent, it becomes the corporation's duty to name one or more individuals who will testify on its behalf regarding matters known or reasonably available to the corporation. The corporation must make a good-faith effort to designate people with knowledge of the matter sought by the opposing party and to adequately prepare its representatives so that

they may give complete, knowledgeable, and nonevasive answers in deposition. See, e.g., Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 278 (D.Neb.1989). As the court aptly noted in United States v. Taylor, 166 F.R.D. 356 (M.D.N.C. 1996),:

> The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is 'speaking for the corporation' .... The corporation appears vicariously through its designee. If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.
>
> Rule 30(b)(6) explicitly requires [a corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition.

Id. at 361-62 (internal citations omitted). The fact that preparation for a 30(b)(6) deposition requires many hours of work and review of voluminous documents does not relieve the corporation of its responsibility to adequately prepare. Concerned Citizens of Belle Haven v. The Belle Haven Club, 223 F.R.D. 39, 43 (D. Conn. 2004).

When discovery disputes arise, the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. Finley v. Trent, 955 F. Supp. 642, 648 (4th Cir. 1997) (citing Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va.1992)). District courts are allowed broad discretion in resolving discovery disputes. Carefirst of Md., 334 F.3d at 402.

Pursuant to Federal Rule of Civil Procedure 37(a), a party may, upon reasonable

notice to other parties, move for an order compelling discovery. Rule 37(a)(3)(B) permits such motions for requests made pursuant to Rule 33 (interrogatories) and Rule 34 (production of documents). Rule 37(a)(4) provides that an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. And in connection with Rule 30(b)(6), sanctions may be properly imposed against a corporation when its 30(b)(6) designee is unknowledgeable of relevant facts and it fails to designate an available, knowledgeable, and readily identifiable witness because such an "appearance is, for all practical purposes, no appearance at all." Resolution Trust Co. v. Southern Union Co., 985 F.2d 196, 197 (5th Cir. 1993).

## II. DISCUSSION

### A. Humanscale's Motion to Compel

#### 1. Relevant Background

In an effort to mount a defense against CompX's counterclaim, Humanscale has attempted to obtain evidence that CompX's patents are invalid under 35 U.S.C. § 102(b), which creates a statutory bar to the patenting of any alleged invention that was offered for sale in the United States more than one year prior to the patent application. In this case, CompX's date of application is June 13, 1990, making the "critical date" June 13, 1989. Humanscale has indicated that two older CompX keyboard supports, specifically Product 6130 and Product 6110, which embodied and practiced the patents in suit, were offered for sale more than one year before the critical date. Humanscale also alleges that CompX's patent is invalid because the application failed to list all of the inventors' names.

In search of evidence to support those defenses, Humanscale has served CompX

4

with several discovery requests that Humanscale maintains have not been satisfactorily answered. As a result, Humanscale has filed this Motion to Compel.

### 2. Analysis

The parties' arguments, as stated in their briefs, can be boiled down to this: Humanscale said that information it has collected shows that CompX has documents that it has yet to provide, while CompX responded that it has already provided all requested documents. At the hearing on this Motion, counsel for Humanscale backed off its position, stating that after additional discussion with CompX's counsel, Humanscale believes that it has in fact been provided all the documents that remain in existence. With both parties agreeing that all surviving documents have been properly produced, the Court notes that it cannot compel the production of that which does not exist. Therefore, Humanscale's Motion to Compel is DENIED as MOOT.

## B. CompX's Motion to Compel

### 1. Relevant Background

In its effort to gather information to prove its patent infringement case and rebut any defenses offered by Humanscale, CompX has sought discovery from Humanscale in the form of written interrogatories, filed on June 12, 2009, (CompX Mem. in Supp. Mot. to Compel ("CompX Mot."), Exh. A), document requests, also filed on June 12, 2009 (CompX Mot., Exh. A), as well as a notice for a Rule 30(b)(6) deposition, filed on October 19, 2009 (CompX Mot., Exh. C). The 30(b)(6) deposition notice set November 3, 2009 as the date of the deposition, which Humanscale later changed to November 12-13, 2009.

As to those requests, this discovery dispute concerns three categories of

information. First, in order to establish damages, CompX has sought a variety of financial information about the accused devices. Interrogatory Number 3 and Document Requests 17 and 30 as well as Topics 12-14 in the 30(b)(6) deposition notice all deal with this financial data. Second, CompX has requested information on Humanscale's noninfringement, invalidity, unenforceability, patent marking, and laches arguments. Topics 4-8 of the 30(b)(6) deposition notice deal with those topics. Lastly, CompX has sought information regarding the development and marketing of Humanscale's accused products. Topics 1-3 and 10-11 of the 30(b)(6) deposition notice deal with that topic.

On July 13, 2009, Humanscale responded to CompX's Interrogatories and Requests for Documents (CompX Mot., Exh. B.) As to the financial information CompX sought, Humanscale produced some documents, however, CompX determined that the information was not complete, and, thus, on October 23, 2009, wrote to Humanscale to request an adequate response (CompX Mot., Exh. D). On October 30, 2009, Humanscale responded, stating that the financial information was not in an easily retrievable form and would require several weeks worth of work before it could be produced. (CompX Mot., Exh. E.)

On November 5, 2009, CompX, mindful of the November 18, 2009 expert report due date, again requested that Humanscale produce the requested financial information. (CompX Mot., Exh. F.) Humanscale, on November 11, 2009, served its objections to the deposition notices, including to the requests for financial information. (CompX Mot., Exh. G.) In its objections, Humanscale named two witnesses that it would produce, neither of which addressed the financial information requests. Humanscale offered Patrick Hoeffner, general counsel and director of intellectual property for Humanscale, as its corporate

designee on Topics 4-8 and 15-19. And Humanscale offered its CEO Robert King as its designee on Topics 1-3 and 10-11. Humanscale required that these depositions occur on November 12-13, 2009 and that each one be limited to one half of a day. CompX accepted these terms, but retained the right to seek additional time or request additional information if the depositions were inadequate.

On November 12 and 13, 2009, the depositions of Hoeffner and King occurred as scheduled. The parties dispute whether these witnesses were sufficient to comply with Humanscale's burden to produce knowledgeable witnesses. CompX claims that Hoeffner's claim of attorney-client privilege in response to many of CompX's questions was improper and that King was inadequately prepared on the topics on which he was designated.

On November 16, 2009— two days before expert reports were due—Humanscale provided additional financial documents. CompX alleges that this information is largely duplicative of information it already had. Still, CompX provided the financial information to its damage expert Richard Troxel, whose report was timely filed on November 18. The next day, Humanscale provided additional financial information, which included new calculations for sales of some of the accused products between 2006-2008. A deposition on the financial information requests has yet to occur.

Based on these events, CompX has filed this Motion to Compel.

**2. Analysis**[1]

---

[1] As an initial matter, the Court rejects Humanscale's argument that CompX did not meet and confer with Humanscale prior to filing this Motion. CompX certified that it met and conferred with Humanscale and provided sufficient record evidence that such meetings have occurred.

### a. Financial Information

CompX's Interrogatory Number 3, Document Requests 17 and 30, and 30(b)(6) deposition Topics 12-14 all request financial information. CompX claims it has not received the information it has requested, Humanscale disputes that contention. Although the parties largely agree that Humanscale has provided much of the financial data CompX has requested, CompX still has not received sales data on any of Humanscale's relevant product lines. Thus, to the extent that Humanscale keeps such sales data, the Court will DIRECT Humanscale to expeditiously produce that information. For completeness and mindful of the impending trial date, the Court also DIRECTS Humanscale to provide the third and fourth quarter financial information to CompX as soon as that information becomes available. Lastly, although this issue does not appear to be in serious debate, the Court DIRECTS Humanscale to offer a properly prepared 30(b)(6) designee on the financial topics.

### b. Non-Financial Information

CompX's 30(b)(6) deposition Topics 1-8, 10-11, and 15-19 deal with potential Humanscale defenses, document retention policies, and the marketing and development of Humanscale's accused products. In the context of this discovery dispute, the parties collectively referred to these topics as the "non-financial" topics.

CompX alleges that the witnesses provided by Humanscale failed to satisfy the corporation's burden of presenting a designee that could answer questions on the non-financial information topics. Hoeffner failed, in CompX's view, because he claimed "facts" related to the topics were protected by the attorney client privilege and was unfamiliar

with the documents in the case. King also failed as a 30(b)(6) witness because, according to CompX, he did not remember information for certain topics and impermissibly hid behind the attorney client privilege for others.

In response, Humanscale argues that CompX's Motion for additional 30(b)(6) depositions should be denied because the requests were improper. Humanscale alleges that topics 4-8, about which CompX complains, were not described with the "reasonable particularity" required by Rule 30(b)(6). Topics 15 and 19, Humanscale asserts, were overbroad, preventing the designee from knowing what CompX planned to ask. To the extent those topics are sufficiently described, Humanscale claims that they impermissibly seek Humanscale to testify on its legal theories in this case.

After reviewing the deposition transcripts and holding a hearing on this issue, the Court GRANTS the Motion and DIRECTS Humanscale to make available 30(b)(6) designees to be deposed on the non-financial topics. These designees may again be Hoeffner and King, or they many be different individuals, but whoever it is, each individual should be prepared to answer questions on the subject matters stated in the deposition topics. Because Humanscale never objected to the form of the deposition topics before or during the deposition, the Court rejects Humanscale's argument that the topics lack "reasonable particularity." See Fed. R. Civ. P. 32(d).

In connection with its Motion, CompX also seeks its fees and costs. Having granted CompX's Motion, the Court, under Federal Rule of Civil Procedure 37, now DIRECTS CompX to file a verified statement of its attorney's fees and costs associated with preparing its Motion so that it may recover those costs. If Humanscale would like to make any

objections, corrections, or amendments to CompX's submission, it will have fourteen days from the date CompX files its fees and costs with the Court to respond.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Humanscale's Motion as MOOT and GRANTS CompX's Motion. An appropriate Order shall issue.

Let the Clerk send a copy of this Memorandum to all counsel of record.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 24th day of December 2009