IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HUMANSCALE CORP.,

    Plaintiff/Counterclaim Defendant,

v.

COMPX INTERNATIONAL INC. and
WATERLOO FURNITURE COMPONENTS
LTD.,

    Defendants/Counterclaim Plaintiffs.

Action No. 3:09–CV–86

## MEMORANDUM OPINION

THIS MATTER is before the Court on CompX's Motion for Entry of Judgment on the Jury's Verdict and for Award of Pre-Judgment and Post-Judgment Interest (Dock. No. 262) and CompX's Motion for Permanent Injunction (Dock. No. 263). For the reasons detailed below, the Court will take CompX's Motion for Entry of Judgment under advisement and DENY CompX's request for an injunction.

## I. BACKGROUND

In February 2009, Humanscale Corp. initiated this suit when it filed a Complaint against CompX International Inc. and CompX Waterloo (collectively "CompX") regarding Humanscale's U.S. Patent No. 5,292,097 ("the '097 Patent"). In March, CompX filed a counterclaim, alleging that Humanscale infringes on two of CompX's patents, specifically U.S. Patent Nos. 5,037,054 ("the '054 Patent") and 5,257,767 ("the '767 Patent") (collectively "CompX Patents").

1

By Order of this Court, Humanscale's suit regarding the '097 Patent was stayed pending an investigation by the International Trade Commission. CompX's counterclaims regarding the CompX Patents, however, were not stayed.

After a seven day trial, the jury returned a verdict on February 25, 2010 in favor of CompX, finding that Humanscale Models KM, DS, 2G, 2C, 3G, 3C, 4G, 4G-AD, 5G, 5G-SM (collectively "Infringing Products") infringed CompX's '054 and '767 Patents (Dock. No. 249). The jury awarded CompX $19,372,500 in past damages, which consists of an award of $17,220,000 for Humanscale's infringement from March 27, 2003 until March 27, 2009 and $2,152,500 for Humanscale's infringement from March 27, 2009 until December 31, 2009. The jury also determined that CompX should receive a reasonable royalty rate of 6% for Humanscale's sales of the Infringing Products from January 1, 2010 until the expiration of the CompX Patents on June 13, 2010. The jury also explicitly concluded that (1) neither of CompX's Patents were invalid as obvious; (2) there was no on-sale bar for CompX's Patents; (3) CompX had not unreasonably delayed, without justification, in pursuing its suit against Humanscale; and (4) Humanscale had not suffered any economic or evidentiary prejudice as a result of any delay.

Based on that verdict, CompX now asks the Court to enter judgement and to award prejudgment and postjudgment interest. CompX also seeks to enjoin Humanscale from making, using, selling, or offering to sell the Infringing Products. Humanscale opposes both motions.

## II. DISCUSSION

### A. Motion for Entry of Judgment and Pre and Post-Judgment Interest

CompX asks the Court for an entry of judgment on the jury's verdict as is required under Rule 58 of the Federal Rules of Civil Procedure. Humanscale opposes an immediate entry of judgment on the grounds that the Court should first resolve the laches issue, which Humanscale submitted to the Court on April 16, 2010, because a decision in its favor on laches could alter the damages award. Humanscale also asserts entering judgment now would result in piecemeal appeals. As CompX correctly points out, however, there is no danger of piecemeal appeals here, because Rule 4 of the Federal Rules of Appellate Procedure specifically states that in a case involving post-trial motions under Rules 50(b), 52(b), 54, or 59 of the Federal Rules of Civil Procedure, the time to file an appeal runs, not from the entry of judgment, but from entry of the last order disposing of the post-trial motions.

The Court will take this Motion under advisement. The final amount of damages as well as the availability of prejudgment interest largely hinges on how the Court resolves Humanscale's post-trial motions, particularly the laches motion, which has played a significant role in the parties' arguments to the Court and has yet to be fully briefed. See General Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983). Although the Court's decision on laches may not be outcome determinative on the issue of prejudgment interest, see Church & Dwight Co. v. Abbott Labs., No. 05-2142, 2009 WL 2230941, at *7 (D.N.J. July 23, 2009), the arguments regarding any magnitude of delay are best left until after the parties have finished presenting the laches issue to the Court. How interest, if it is awarded, should be calculated and compounded will be addressed once entry of judgment is appropriate.

**B. Motion for Permanent Injunction**

The Patent Act provides that in cases of patent infringement, "a court may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Before an injunction may be issued, the party seeking the injunction must demonstrate that (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking the injunction; and (4) the public interest would not be disserved by the injunction. eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). A decision to grant or deny a permanent injunction is reviewed for abuse of discretion. Id.

CompX claims each of the four factors favors injunctive relief. It asserts that because the parties here are direct competitors in the keyboard support market and because it does not license its patents, it has lost market share and customer goodwill that is both irreparable and intangible. CompX disputes that it must present evidence of actual lost customers, stating that as one Texas district court observed "[t]he fact that there is direct competition in a marketplace weighs heavily in favor of a finding of irreparable injury." See Mass Engineered Design, Inc. v. Ergotron, Inc., 633 F. Supp. 2d 361, 393 (E.D. Tex. 2009). CompX also claims that the balance of hardships weighs in its favor, stating that Humanscale will not be driven out of business by an injunction because Humanscale already produces non-infringing devices and because the injunction would end when the patents expire in June of this year. CompX further adds that without the injunction it would continue to suffer the hardship of the ongoing loss of market share, sales, and goodwill.

4

Lastly, granting the injunction will serve the public interest, CompX believes, by upholding the protection of valid patents. Moreover, the market will not be negatively affected due to the presence of enough competitors as well as, in CompX's view, the short duration and limited scope of the injunction it seeks.

The Court concludes that CompX has not carried its burden of establishing that the facts of this case, evaluated using traditional principles of equity, warrant entering a six week injunction. First, unlike the cases it cites, CompX has presented insufficient evidence that the direct competition between the parties and its practice of not licensing its patents result in irreparable harm to its sales and goodwill. For example, in <u>i4i ltd. P'ship v. Microsoft Corp.</u>, cited by CompX, the Federal Circuit concluded that plaintiff's assertion of direct competition was supported by trial testimony that defendant had specifically entered the market with a product using the plaintiff's patent and as a result defendant's product made the plaintiff's product "obsolete" in that market. <u>See</u> 589 F.3d 831, 861-62 (Fed. Cir. 2010). In <u>Mass Engineered Design, Inc. v. Ergotron, Inc.</u>, also cited by CompX, the court, in granting an injunction, observed that plaintiff had presented "overwhelming" evidence of direct competition, including specifics on how consumers in the relevant market behave. <u>See</u> 633 F. Supp. 2d 361, 393 (E.D. Tex. 2009). Although CompX has given lip service to factors that other courts have found persuasive in granting injunctive relief, it has not, as of yet, indicated in the record any similar evidence that those same courts used to support their holdings. To accept the argument that any claim of direct competition should result in a finding of irreparable harm would essentially create a presumption in favor of irreparable harm, contrary to the Supreme Court's directive in <u>eBay</u>. <u>See</u>

Automated Merch. Sys., Inc. v. Crane Co., No. 2009-1158, 2009 WL 4878643, at *3 (Fed. Cir. Dec. 16, 2009) (unpublished opinion).[1] In any event, the direct competition typically used to justify a finding of irreparable harm involves a two competitor market, which is not the case here. See, e.g., Muniauction, Inc. v. Thomson Corp., 502 F. Supp. 2d 477, 482 (W.D. Pa. 2007) ("Plaintiff and defendants are direct competitors in a two-supplier market. If plaintiff cannot prevent its only competitor's continued infringement of its patent, the patent is of little value.") (granting permanent injunction); Johns Hopkins Univ. v. Datascope Corp., 513 F. Supp. 2d 578, 586 (D. Md. 2007) (granting permanent injunction where infringing product was plaintiffs' "only competition" and "thus, its sale reduce[d] the [p]laintiffs' market share"); Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp., No. Civ. A. 03-2910, 2006 WL 3813778, at *4 (S.D. Tex. Dec. 27, 2006) (granting permanent injunction requiring structural modifications to infringing deepwater drilling rigs where "the customer base for deep water drill rigs is small, and [defendant] has not only used [its] rigs equipped with the infringing structure to compete for the same customers and contracts as [plaintiff], but also to win contracts over competing bids from [plaintiff]"). Even if the Court could find some record evidence of loss of market share and sales, Federal Circuit precedent holds that those facts do not necessarily establish

---

[1] The Federal Circuit has not been entirely clear whether it considers the presumption of irreparable harm extinct after eBay. Compare Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 702 (Fed. Cir. 2008) (leaving the existence of the "rebuttable presumption" as an open question), with Automated Merch. Sys., 2009 WL 4878643, at *3 (holding that post eBay "the presumption of irreparable harm, based just on proof of infringement [has been] discarded"); see accord Graceway Pharm., LLC v. Perrigo Co., No. 10-cv-937, 2010 WL 892195, at *3 (D.N.J. Mar. 8, 2010) (noting the split). Whether or not the presumption exists, nothing in this decision hinges on that issue. Even if there is a presumption, the Court finds that the rebuttable presumption, to the extent it still exists, has been rebutted.

irreparable harm.  See Abbott Labs. v. Andrx Pharm., Inc., 452 F.3d 1331, 1347-48 (Fed. Cir. 2006) ("[W]e do not doubt that generic competition will impact Abbott's sales . . . but that alone does not establish that Abbott's harm will be irreparable."); Eli Lilly & Co. v. Am. Cyanamid Co., 82 F.3d 1568, 1578 (Fed. Cir. 1996) (same discussing profits); Nutrition 21 v. United States, 930 F.2d 867, 871-72 (Fed. Cir. 1991) (same discussing market share); see also Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., No. 05-1887, 2007 WL 2669338, at *14 (D.N.J. Sept. 6, 2007) (recognizing that market share is economic loss compensable with money damages).

Also relevant to the irreparable harm issue is whether the patent infringer will soon cease the infringing activities.  See MercExchange, 500 F.3d at 575, n.15.  This inquiry is in no way an attempt to revive the long-rejected notion that voluntary cessation of infringing activity prevents injunctive relief.  See W.L. Gore & Assocs. v. Garlock, Inc., 842 F.2d 1275, 1281-82 (Fed. Cir. 1988).  But as the Court in MercExchange recognized, whether further infringement will continue into the future does "impact the injunction calculus."  See MercExchange, 500 F.3d at 575, n.16 (citing Polymer Tech., 103 F.3d 970, 974 (Fed. Cir. 1996)).  Here, the infringing activity will necessarily end in six weeks when the CompX Patents expire, which counsels against a finding of irreparable harm.

With respect to the second eBay factor of inadequate remedies, it is firmly established that the evidence necessary to satisfy this factor is intertwined with the evidence relevant to the irreparable harm inquiry.  MercExchage, 500 F.3d at 569, n.1 ("The irreparable harm inquiry and remedy at law inquiry are essentially two sides of the same coin.")  Thus, the above discussion strongly indicates that CompX has not shown that its

7

common law remedies are inadequate.  When as here, the party seeking the injunction has not provided evidence showing that it will lose sales or goodwill, this factor would also counsel against entering an injunction—unless other evidence is presented.  No additional evidence, however, has been offered.  Accepting CompX's argument here that its harm is not compensable at law would create the same problems discussed above, mainly that it asks this Court to presume that the harm CompX suffers to its goodwill and sales exists simply because it says so.  This, the Court will not do.  See Praxair, Inc. v. ATMI, Inc., 479 F. Supp. 2d 440, 444 (D. Del. 2007) ("While money damages are generally considered inadequate to compensate for the violation of a patentee's right to exclude, [the patentee] nonetheless [has] a burden to iterate specific reasons why [the] infringement can not be compensated for with a money award." (citation omitted)).  Moreover, CompX sought and was awarded by the jury future royalties to compensate it for Humanscale's use of the McConnell patents until they expire on June 13, 2010.  "Under some circumstances, awarding an ongoing royalty for patent infringement in lieu of an injunction may be appropriate."  Paice LLC v. Toyota Motor Corp., 504 F.3d 1293, 1314 (Fed. Cir. 2007).  Here, CompX has not carried its burden to show the royalty payments it gets until June will not adequately compensate it.

Because CompX cannot carry its burden on the first two eBay factors, the request for injunctive relief is denied.  For completeness, however, the Court will briefly observe that the balance of the hardships tips in favor of Humanscale here because of the short life left on the CompX Patents and because the injunction would prevent Humanscale from producing or selling its accused keyboard support systems even though only one

8

component of those systems was found to be infringing.  See eBay, 547 U.S. at 396-97 (Kennedy, J., concurring).  Lastly, the public interest factor is at best neutral.

### III. CONCLUSION

For the foregoing reasons, the Court takes CompX's Motion for Entry of Judgment under advisement and DENIES CompX's Motion for Injunctive Relief.

Let the Clerk send a copy of this memorandum to all counsel of record.  An appropriate order will issue.

It is SO ORDERED.

```
_____/s/_____
James R. Spencer
Chief United States District Judge
```

ENTERED this __29th__ day of April 2010