IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| HUMANSCALE CORP., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> COMPX INTERNATIONAL INC. and WATERLOO FURNITURE COMPONENTS LTD., <br><br> Defendants/Counterclaim Plaintiffs. | Action No. 3:09–CV–86 |

## **MEMORANDUM OPINION**

This matter is before the Court on CompX's Motion for Entry of Judgment on the Jury's Verdict and for Award of Pre-Judgment and Post-Judgment Interest (Dock. No. 262). On April 29, 2010, the Court took this Motion under advisement pending a resolution of all post-trial motions (Dock. No. 293). Now that those remaining motions are resolved, the instant Motion will be GRANTED in part and DENIED in part.

## **I. BACKGROUND**

In February 2009, Humanscale Corp. initiated this suit when it filed a Complaint against CompX International Inc. and CompX Waterloo (collectively "CompX") regarding Humanscale's U.S. Patent No. 5,292,097 ("the '097 Patent"). In March, CompX filed a counterclaim, alleging that Humanscale infringes on two of CompX's patents, specifically U.S. Patent Nos. 5,037,054 ("the '054 Patent") and 5,257,767 ("the '767 Patent") (collectively "CompX Patents").

By Order of this Court, Humanscale's suit regarding the '097 Patent was stayed pending an investigation by the International Trade Commission. CompX's counterclaims regarding the CompX Patents, however, were not stayed.

After a seven day trial, the jury returned a verdict on February 25, 2010 in favor of CompX, finding that Humanscale Models KM, DS, 2G, 2C, 3G, 3C, 4G, 4G-AD, 5G, 5G-SM (collectively "Infringing Products") infringed CompX's '054 and '767 Patents (Dock. No. 249). The jury awarded CompX $19,372,500 in past damages, which consists of an award of $17,220,000 for Humanscale's infringement from March 27, 2003 until March 27, 2009 and $2,152,500 for Humanscale's infringement from March 27, 2009 until December 31, 2009. The jury also determined that CompX should receive a reasonable royalty rate of 6% for Humanscale's sales of the Infringing Products from January 1, 2010 until the expiration of the CompX's Patents on June 13, 2010. The jury also explicitly concluded that (1) neither of CompX's Patents were invalid as obvious; (2) there was no on-sale bar for CompX's Patents; (3) CompX had not unreasonably delayed, without justification, in pursuing its suit against Humanscale; and (4) Humanscale had not suffered any economic or evidentiary prejudice as a result of any delay.

Based on that verdict, CompX now asks the Court to enter judgement and to award prejudgment and postjudgment interest. Humanscale opposes the motion.

## II. DISCUSSION

With the entry of judgment, to which Humanscale can no longer object, CompX asks the Court to include an award of prejudgment interest. Prejudgment interest is awarded pursuant to 35 U.S.C. § 284, which states, in part, that "[u]pon finding for the claimant, the

court shall award the claimant damages . . . together with interest and costs as fixed by the court." "An award of interest [ ] serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment." General Motors Corp. v. Devex Corp., 461 U.S. 648, 655-56 (1983). The Supreme Court has held "that prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." Id. at 657. Because prejudgment interest has no punitive purpose, it must be applied only to the compensatory damages, not enhanced or other punitive damages. Id. at 655.

Humanscale argues that CompX is not entitled to prejudgment interest because it delayed bringing this lawsuit for nearly a decade and did so as a counterclaim only after Humanscale brought suit against CompX. While the Supreme Court did not provide an exhaustive list of reasons why prejudgment interest could be withheld, it did state that prejudgment interest could be refused or limited "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." Id. at 657; see, e.g., Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc., 246 F.3d 1336, 1362 (Fed. Cir. 2001) (upholding district court's refusal to award prejudgment interest based on plaintiff's strategic delay in bringing suit); Saint-Gobain Autover USA, Inc. v. Xinyl Glass N. Am., Inc., No. 06-cv-2781, 2010 WL 1487818, at *23 (N.D. Oh. Apr. 13, 2010) (denying prejudgment interest where plaintiff "unduly delayed in bringing suit").

The Court agrees with Humanscale and thus denies an award of prejudgment interest. As detailed in the Court's Opinion on Humanscale's laches motion (Dock. No. 330),

CompX unreasonably delayed bringing this suit for nine years. Although in the end the Court concluded that the delay did not result in any prejudice to Humanscale, the delay was nevertheless undue and provides a justification for withholding prejudgment interest. See Church & Dwight Co. v. Abbott Labs., No. 05-2142, 2009 WL 2230941, at *7 (D.N.J. July 23, 2009).

In addition to prejudgment interest, CompX also asks the Court to award it postjudgment interest. Under 28 U.S.C. § 1961, postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . ." "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, . . . compounded annually." Id. The Court finds that postjudgment interest is appropriate and will be awarded.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the request for prejudgment interest and GRANTS the request for postjudgment interest.

Let the Clerk send a copy of this Memorandum to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

                                                 /s/
                                 James R. Spencer
                                 Chief United States District Judge

ENTERED this   23rd   day of August 2010